IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **BROADVIEW INVESTMENTS, LLC, PTI ROYSTON, LLC and PTI UNION, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**CONTINENTAL CASUALTY COMPANY,**<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT**<br>**(Jury Demand)** |

Plaintiffs Broadview Investments, LLC ("Broadview"), PTI Royston, LLC and PTI Union, LLC (PTI Royston and PTI Union are referred to collectively as the "PTI Entities"), for their Complaint against Defendant Continental Casualty Company ("Continental"), allege the following:

## THE PARTIES

1. Broadview, a family-owned limited liability company headquartered in Athens, Georgia, is the owner of the PTI Entities. The PTI Entities are contract manufacturing organizations ("CMOs") that manufacturer and package cosmetic, pharmaceutical, and over-the-counter ("OTC") health and personal care products, and serve a variety of clients in the pharmaceutical and OTC markets. A substantial part of the PTI Entities' operations is blending topical powders containing talc according to customer specifications ("Talc Products").

2. Talc is a naturally-occurring mineral that has been widely used for decades in cosmetic and personal care products, including various brands of baby powder. The suppliers who provide talc to the PTI Entities, as CMOs, certify that the talc is asbestos-free.

3. Continental is a member company of CNA Financial Corporation ("CNA"), one of the nation's largest insurance providers. Since June 2010, Continental and another CNA member company, Columbia Casualty Company ("Columbia"), have sold to Broadview a series of "Life Sciences Product Liability" policies that are designed for the particular product liability insurance needs of CMOs and other manufacturers of pharmaceutical and personal care products (collectively, the "CNA Policies"). The PTI Entities are Named Insureds under the CNA Policies. Continental's unjustified denial of benefits under the CNA Policies is the subject of this action.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiffs and Continental, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Broadview and the PTI Entities are Delaware limited liability companies. Broadview's membership consists of four trusts: (a) Revocable Living Trust of Edward T. Noland, Jr.; (b) Edward T. Noland, Jr. Irrevocable Gifting Trust; (c) Laura Noland Tarrasch Revocable Trust; and (d) Tarrasch Family Trust. Edward T. Noland, Jr. is the sole trustee of the Revocable Living Trust of Edward T. Noland, Jr. Kimberly Noland is the sole trustee of the Edward T. Noland, Jr. Irrevocable Gifting Trust. Edward T. Noland and Kimberly Noland are residents and citizens of Georgia. Grant McKay, a resident and citizen of Florida, is the sole trustee of the other two trusts. Accordingly, Broadview, as a limited liability company, is a citizen of Georgia and Florida. Broadview is the sole member of the PTI Entities. As limited liability companies, the PTI Entities are also citizens of Georgia and Florida.

6. Continental is an Illinois corporation with its principal place of business in Chicago, Illinois.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Continental is a resident of Georgia as defined in 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is proper in the Athens Division because Broadview and PTI Royston are deemed to reside in the Athens Division and the claims arose here.

## FACTS

8. Beginning in 2010, Broadview purchased the following CNA Policies, under which the PTI Entities are Named Insureds, subject to a retroactive date of June 8, 2010, and an extended reporting period ending on June 8, 2023:

| Policy Number | Policy Dates |
|---|---|
| 4016003473 (new) | June 8, 2010 – June 8, 2011 |
| 4016003473 (renewal) | June 8, 2011 – June 8, 2012 |
| 4016003473 (renewal) | June 8, 2012 – June 8, 2013 |
| 4016003473 (renewal) | June 8, 2013 – June 8, 2014 |
| 4016003473 (renewal) | June 8, 2014 – June 8, 2015 |
| 4016003473 (renewal) | June 8, 2015 – June 8, 2016 |
| 4016003473 (renewal) | June 8, 2016 – June 8, 2017 |
| 4016003473 (renewal) | June 8, 2017 – June 8, 2018 |

9. The June 2016 through June 2018 CNA Policies were underwritten by Continental, whereas the June 2010 through June 2016 CNA Policies were underwritten by Columbia Casualty Company (also a CNA member company). All the CNA Policies contain substantially similar terms for purposes of this action. Directly at issue in this action are the June 8, 2016 – June 8, 2017 and June 8, 2017 – June 8, 2018 CNA Policies, both of which were issued to Broadview at its headquarters in Athens, Georgia. True and accurate copies of the June 8, 2016 – June 8, 2017 and June 8, 2017 – June 8, 2018 Policies are attached as Exhibits A and B, respectively, and the remaining CNA Policies are incorporated herein by reference.

10. The CNA Policies provide "Products-Work Hazard Coverage", by which Continental is required to "pay all amounts in excess of the deductible up to the limit of liability that [the PTI Entities] become[] legally liable to pay as **damages** as a result of: **A. bodily injury** or **property damage** caused by an **occurrence** and arising out of a covered **products-work hazard claim**; . . ." (Exhibit A at p. 29; Exhibit B at p. 28, emphasis in original.)

11. The CNA Policies define "**products-work hazard**" as "**bodily injury** or **property damage** arising out of **insured product** . . ." (Exhibit A at pp. 26-27; Exhibit B at pp. 25-26, emphasis in original.)

12. The CNA Policies define "insured product" as "any goods or products; A. manufactured, developed, designed, created, or tested; [or] B. sold, leased, licensed, rented, handled, marketed, distributed to others . . ." by the PTI Entities. (Exhibit A at p. 22; Exhibit B at p. 21.)

13. All Talc Products blended and packaged by the PTI Entities are "insured products" as defined by the CNA Policies.

14. At the time it sold the CNA Policies, CNA knew that blending Talc Products constituted a substantial part of the PTI Entities' operations.

15. The CNA Policies impose the "duty to defend in [the PTI Entities'] name[s] and on [the PTI Entities'] behalf any covered **claim** even if any of the allegations of such **claim** are groundless, false or fraudulent." (Exhibit A at p. 8; Exhibit B at p. 7, emphasis in original.)

16. The PTI Entities have been named as defendants in several lawsuits alleging personal injuries caused by exposure to Talc Products. The PTI Entities have also received subpoenas in personal injury lawsuits in which the PTI Entities were not named defendants,

seeking documents from the PTI Entities regarding Talc Products. Broadview and/or the PTI Entities timely notified CNA of these lawsuits and subpoenas.

17. The lawsuits against the PTI Entities include *Schackne v. 3M Company, et al*., Los Angeles County, California Superior Court, Case No. JCCP 4674/BC637974 ("*Schackne*"), in which PTI Union was added as a defendant on February 13, 2018. (A true and correct copy of the *Schackne* Complaint is at Exhibit C.)

18. The *Schackne* Complaint alleges that Michael Schackne, deceased, developed mesothelioma, an asbestos-related cancer, as a result of his exposure to asbestos in Talc Products that PTI Union blended for two other *Schackne* defendants, Insight Pharmaceuticals Corporation ("Insight") and Prestige Brands Holdings, Inc. ("Prestige'). (Exhibit C at ¶ 3.)

19. Talc Products blended and packaged by the PTI Entities, including Talc Products PTI Union blended and packaged for Insight and Prestige, have never contained asbestos. Therefore, the allegation in *Schackne* that the Talc Products to which the decedent was exposed contained asbestos is false.

20. Broadview timely notified Continental of *Schackne* on February 15, 2018. (Copy of notification at Exhibit D.)

21. On April 11, 2018, Continental issued to the PTI Entities at Broadview's Athens, Georgia headquarters Continental's formal "coverage position letter in the Talc matters." (Transmittal email at Exhibit E; Continental coverage letter at Exhibit F.) Continental's coverage letter applied to all "lawsuits alleging ovarian cancer and **asbestos-related cancers, including mesothelioma,** caused by products containing talc, . . ." which the Continental coverage letter defined as "the Talc Actions." (Exhibit F at p. 1, emphasis supplied.) The Talc Actions referred to in the Continental coverage letter specifically included *Schackne*. (Exhibit F at p. 3.)

22. Continental stated in its April 11, 2018 coverage letter that "all of the Talc Actions, and any future, subpoenas, demands, claims or lawsuits arising out of alleged ovarian/asbestos-related cancer injuries caused by Talc are 'related claims' . . . ." (Exhibit F at 1.)  Continental's April 11, 2018 coverage letter also defined "related claims" as "[a]ll claims alleging ovarian cancer and/or *asbestos-related cancers, including mesothelioma*, arising out of the use of talc powder manufactured by PTI . . . includ[ing] all of the claims and Talc Actions listed above, and any claims, demands, subpoenas or lawsuit subsequently made related to talc powder alleging ovarian cancer and/or asbestos-related cancers." (Exhibit F at p. 7, emphasis supplied.)  Again, *Schackne* was one of the Talc Actions specifically identified in Continental's coverage letter. (Exhibit F at p. 3.)

23. Continental's April 11, 2018 coverage letter specified certain coverage exclusions contained in the CNA Policies on which Continental might seek to limit its coverage obligations. (Exhibit F at pp. 4-5.)  The asbestos exclusion was not referenced in Continental's coverage letter. (*Id.*)

24. Despite no changed circumstances, Continental purported to amend its coverage position regarding *Schackne* in a July 23, 2018 letter it sent to the PTI Entities at Broadview's Athens, Georgia headquarters. (Copy at Exhibit G.)  In the letter, Continental denied any duty to defend (or indemnify) *Schackne* and declared that it would pay defense costs in *Schackne* only through September 21, 2018, by arbitrarily removing "asbestos-related cancers, including mesothelioma" from its definition of "related claims" contained in its April 11, 2018 formal coverage letter. (Exhibit G at p. 5; Exhibit F at p. 7.)  Despite the removal of this language, Continental's July 23, 2018 letter continued to define "related claims" as including "all of the

claims and Talc Actions listed" in the April 11, 2018 coverage letter, which, again, specifically included *Schackne*. (Exhibit G at p. 5; Exhibit F at p. 3.)

25. On July 31, 2018, Plaintiffs' insurance broker sent Continental an email pointing out that the definition of "related claims" in Continental's July 23, 2018 letter continued to include *Schackne*, and requesting that Continental confirm that it continued to include *Schackne* in its definition of "related claims." (Copy at Exhibit H.)

26. By letter dated August 9, 2018 sent to Broadview's headquarters in Athens, Georgia, Continental purported to change its definition of "related claims" yet again, this time eliminating a category of claims Continental dubbed "asbestos-related claims." (Copy at Exhibit I at p. 5.) However, Continental failed to define "asbestos-related claims" in its August 9, 2018 letter, and the term does not appear in the CNA Policies. What is clear, however, is that Continental unjustifiably transformed its coverage position established in its April 11, 2018 formal coverage letter by improperly disavowing any duty to defend (or indemnify) *Schackne*.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

27. Broadview and the PTI Entities incorporate by reference the contents of paragraphs 1 through 26 above.

28. The CNA Policies are binding contracts, providing full coverage benefits to the PTI Entities as Named Insureds.

29. Plaintiffs provided Continental timely notice of *Schackne*, and have otherwise fulfilled all conditions of coverage under the CNA Policies.

30. The CNA Policies require Continental to defend the PTI Entities against any personal injury or wrongful death claim arising from alleged exposure to Talc Products, even if the allegations are "groundless, false or fraudulent." (Exhibit A at p. 8; Exhibit B at p. 7.)

31.     *Schackne* is based on the decedent's alleged exposure to Talc Products.

32.     Although the allegation in *Schackne* that the Talc Products at issue contained asbestos would, if true, potentially relieve Continental of its duty to defend pursuant to the asbestos exclusion contained in the CNA Policies, the asbestos exclusion is inapplicable if this allegation is false. Continental must establish that the true facts underlying *Schackne* trigger application of the asbestos exclusion. The true facts do not trigger application of the asbestos exclusion, because Talc Products blended by the PTI Entities, including those at issue in *Schackne*, have never contained asbestos.

33.     By denying its duty to defend *Schackne*, Continental has materially breached the CNA Policies.

34.     Continental's breach of the CNA Policies by denying its duty to defend *Schackne* has caused Broadview and the PTI Entities financial damage in an amount to be established at trial.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment)**

35.     Broadview and the PTI Entities incorporate by reference the contents of paragraphs 1 through 34 above.

36.     An actual controversy presently exists between Plaintiffs and Continental concerning their respective rights and obligations under the CNA Policies.

37.     Pursuant to 28 U.S.C. § 2201(a), the Court may enter a judgment declaring the parties' respective rights and obligations under the CNA Policies.

38.     The Court's entry of such a declaratory judgment would clarify and settle the legal rights and relations at issue herein, and afford relief from the uncertainty, insecurity and controversy giving rise to this action.

39.     Pursuant to 28 U.S.C. § 2202, the Court may grant further necessary or proper relief related to a declaratory judgment entered pursuant to 28 U.S.C. § 2201(a).

40.     Plaintiffs respectfully request that the Court enter a declaratory judgment that the CNA Policies obligate Continental to defend *Schackne*, and to defend the PTI Entities against all future claims alleging personal injury or death arising from alleged exposure to asbestos contained in Talc Products blended and packaged by the PTI Entities, provided that Broadview and/or the PTI Entities provide timely notice of such claims, and such claims satisfy the CNA Policies' applicable retroactive date and extended reporting period.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having stated their Complaint against Continental, Plaintiffs respectfully ask that the Court:

1.     On the First Claim for Relief, enter judgment against Continental for breach of contract, and award Plaintiffs compensatory damages, costs and expenses, including attorneys' fees, in amounts to be determined at trial;

2.     On the Second Claim for Relief, enter a declaratory judgment that Continental has a duty to defend *Schackne*, and to defend the PTI Entities against all future claims alleging personal injury or death arising from alleged exposure to asbestos contained in Talc Products blended and packaged by the PTI Entities; and

3. Award Plaintiffs all further relief the Court deems just and equitable.

s/Dustin Marlowe
Spence Johnson
Georgia Bar No. 393469
Dustin Marlowe
Georgia Bar No. 773538
JOHNSON MARLOWE LLP
335B Oconee Street
Athens, GA  30601
706.425.8740
spence@johnsonmarlowe.com
dustin@johnsonmarlowe.com
Attorneys for Plaintiffs