

P.O. Box 8317 Chicago, IL 60680-8317

Danna George PCLS
Claims Consultant
CNA Insurance
Phone 1-617-994-4324
Fax 1-877-371-5122

August 9, 2018

Tee Noland
PTI DBA Pharma Tech
125 W Washington Street
Athens, Georgia 30601-2725

Re: **The Schackne Action and other Asbestos-Related Maters**
   Claim No.: HMA45749
   Insureds: PTI dba Pharma-Tech Industries, PTI Union, LLC dba Pharma Tech Industries and PTI Royston, LLC dba Pharma Tech Industries
   Claimants: Kathryn, Kylee and Kacee Schackne
   Policy No.: ADT-4016003473
   Policy Period: June 8, 2017 to June 8, 2018
   Issuing Company: Continental Casualty Company

Dear Mr. Noland:

This letter supplements our prior correspondence and communications with respect to various lawsuits alleging ovarian cancer and asbestos-related cancers, including mesothelioma, caused by products containing talc, and subpoenas duces tecum received by PTI related to talc products, as well as document requests from various talc manufacturers.

The purpose of this letter is to provide you with the coverage position of Continental Casualty Company ("Continental Casualty") with respect to the lawsuit styled <u>Schackne et al. v. 3M Company et al.</u>, Case No. JCCP 4674/BC637974, pending in the Superior Court of Los Angeles County, California ("Schackne Action"), and other asbestos-related matters. Continental Casualty was recently provided with a copy of the complaint in the Scheckne Action which alleges that the decedent developed mesothelioma as a result of exposure to asbestos in Caldesene manufactured by PTI. As discussed below, the Asbestos Exclusion in the Continental Casualty Policy precludes coverage for the Schackne Action and all other claims based on or arising out of asbestos. Therefore, Columbia Casualty must regretfully deny coverage for the Schackne Action. However, Continental Casualty will pay defense expenses incurred in the

EXHIBIT
I

Schackne Action for 60-days after the date of this letter. Thereafter, Continental Casualty will have no further obligations with respect to the Schackne Action.

Additionally, in light of the Asbestos Exclusion in the Continental Casualty Policy, Continental is amending its related-claims declaration as previously stated in our letter dated April 11, 2018.

## BACKGROUND – THE SCHACKNE ACTION

We understand that PTI has been named as a Defendant in the Schackne Action. Plaintiffs, Kathryn Schackne, on behalf of the Estate of Michael Schackne, and Kylee and Kacee Schackne have brought a wrongful death action against numerous Defendants alleging that Michael Schackne developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or products solely designed to be uses with asbestos containing products. Mr. Schackne allegedly development mesothelioma and died on October 24, 2015. Plaintiffs assert claims for negligence, strict liability and conspiracy. We further understand that with respect to the Schackne Action and other asbestos-related claims, PTI has received certain demands for defense and indemnity from Prestige.

## THE CONTINENTAL CASUALTY POLICY

Continental Casualty Company issued claims-made Policy No. ADT-4016003473 to Broadview Investments LLC for the policy period June 8, 2017 to June 8, 2018 ("Policy"). The Products-Work Hazard limits are $10,000,000 Each Claim and in the Aggregate, with an Each Claim Deductible of $25,000/ $250,000 Aggregate, with a retroactive date of June 8, 2010. Claim Expenses are included within the limits. By endorsement, PTI Union, LLC and PTI Royston, LLC are Named Insureds on the Policy.

The Coverage Agreements in the Life Sciences Liability Policy Products-Work Hazard Liability Coverage Part (Form CNA73251XX 05-2015) provide in pertinent part:

> The Insurer will pay all amounts in excess of the deductible up to the limit of liability that the **Insured** becomes legally liable to pay as **damages** as a result of:
>
> A.   **bodily injury** or **property damage** caused by an **occurrence and** arising out of a covered **products-work hazard claim**;
>
> * * *
>
> provided that coverage applies to **claims** only if:
>
> 1.   such **claim** is both first made against the **Insured** during the **policy period** …
>
> * * *

    4.       such **occurrence** or offense, first occurred on or after the retroactive date, if any specified in the Declarations.

* * *

In addition, the Insurer will pay all **defense costs** in excess of the deductible and up to the limit of liability in connection with a covered **claim**. **Defense costs** are included within and erode both the limits of liability and the deductible.

In pertinent part, "Occurrence" is defined as follows:

> **Occurrence** means an accident, including continuous or repeated exposure to the same general harmful conditions. An **occurrence** will be deemed to have occurred on the earliest date:
>
> A.    **insured product** or insured **work** giving rise to such **claim** was first ingested, implanted, applied or otherwise used;
>
> B.    a **claim** is made alleging **bodily injury** or **property damage** resulting from **insured product** or **insured work**;

* * *

> E.    death occurs as a result of exposure to **insured product** or **insured work**;

The Policy's Product-Work Hazard Coverage Part includes the following exclusions:

> This **coverage part** does not apply to any **claim** against any **Insured**:
>
> A.    **Asbestos**
>
> based on or arising out of:
>
> 1.    the actual, alleged or threatened exposure at any time to **asbestos**, or
>
> 2.    any actual or alleged loss, cost or expense that may be awarded or incurred:
>
>     a.    by reason of a **claim** for any such injury or damage; or
>
>     b.    in complying with a governmental direction or request to test for, monitor, clean up, remove, contain or dispose of **asbestos**.

* * *

4. **Dishonest, Fraudulent, Criminal, Malicious Act or Intentionally Wrongful Acts**

   based on or arising out of any actual or alleged dishonest, fraudulent, criminal, malicious or intentionally wrongful act any **Insured**. The Insurer shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal, malicious or intentionally wrongful act has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of its rights under this policy. Criminal proceedings are not covered under this policy regardless of the allegations made against an **Insured.**

   For purposes of determining the applicability of this exclusion:

   a. the facts pertaining to and knowledge possessed by any natural person **Insured** shall not be imputed to any other natural person **Insured**; and

   b. only facts pertaining to and knowledge possessed by any **Insured** as set forth under paragraph **A.** of the definition of **Insured** in the **GLOSSARY OF DEFINED TERMS** shall be imputed to the **Insured Entity**;

   \* \* \*

7. **Expected or Intended Injury**

   based on or arising out of any actual or alleged **bodily injury** or **property damage** expected or intended from the standpoint of any **Insured**. This exclusion does not apply to:

   a. **bodily injury** resulting from the use of reasonable force to protect persons or property; or

   b. **bodily injury** that is intended or can be expected to result from reasonable use of **insured product**;

The Life Sciences Liability Policy Glossary of Defined Terms (CNA73250XX 05-2015) "asbestos" to mean "the mineral in any form whether or not the asbestos was at any time airborne as a fiber, particle or dust, contained in or formed a part of a product, structure or other real or personal property, carried on clothing, inhaled or ingested, or transmitted by any other means."

**COVERAGE POSITION**

It is Continental Casualty's position that coverage for the Schackne Action and all other demands related to the Schackne Action, and other asbestos-related claims are precluded by the Asbestos Exclusion in the Policy. Our review of the Schackne complaint reveals that the Plaintiffs' claims are based on or relate to the alleged exposure to asbestos. Therefore, the Asbestos Exclusion completely precludes coverage for the Schackne Action. We further understand that Prestige is seeking defense and indemnity from PTI with respect to the Schackne Action and other asbestos-related claims. Coverage for such claims and demands are precluded by the Asbestos Exclusion. Further, the Intentionally Wrongful Acts Exclusion and the Expected or Intended Injury Exclusion may preclude coverage for the Schackne Action.

As previously noted, Continental Casualty is treating all talc claims as "related claims." In light of the Asbestos Exclusion in the Policy, Continental Casualty is amending the scope of the "related claims" declaration as follows:

**All claims alleging ovarian cancer and/or cancers, arising out of the use of talc powder manufactured by PTI after June 8, 2010, and caused by an "occurrence" that first occurred on or after the retroactive date of June 8, 2010. Any claims involving talc that was manufactured prior to June 2, 2010, and/or an "occurrence" after the retroactive date is not covered because it is before the Policy's Retroactive Date. This claim relation includes all of the claims and Talc Actions, and any claims, demands, subpoenas or lawsuit subsequently made related to talc powder alleging ovarian cancer and/or talc-related cancers, excluding asbestos-related claims , in which talc was used after our retroactive date and reported during the policy period. Furthermore, we expressly reserve the right to amend the scope of this claim relation as the facts or circumstances warrant.**

**CONCLUSION**

As discussed above, Continental Casualty is denying coverage for the Schackne Action based on the Asbestos Exclusion in the Policy. Notwithstanding, Continental Casualty agrees to pay defense costs incurred in the defense of the Schackne Action which are incurred within 60 days of the date of this letter. Thereafter, PTI will be responsible for all defense costs and/or liability with respect to the Schackne Action.

Any investigation in connection with the Schackne Action should not be construed as an admission of coverage or as a waiver of any rights that Continental Casualty may have under the Policy. Continental Casualty reserves all rights afforded under the Policy and under relevant law. The present coverage position is based on the information currently available to Continental Casualty. If you have additional information which you believe may impact our coverage position, please forward it to the undersigned for our immediate consideration. Continental Casualty reserves the right to amend or modify its coverage position as additional information develops.

If you have any questions or comments in response to the foregoing, please contact the undersigned.

Sincerely,

Danna George
Continental Casualty Company